IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Tarren Ramone Hughey,<br><br>Defendant. | Cr. No. 3:12-850-CMC<br><br>**Opinion and Order** |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 232. The Government filed a response in opposition to Defendant's § 2255 motion and a motion for summary judgment. ECF Nos. 240, 241. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 243. Defendant has not filed a response and the time to do so has passed.

**I.  Background**

In November of 2012, Defendant was named in a nine-count indictment in this District. ECF No. 37. Defendant was charged in seven of the nine counts, including charges of conspiracy to possess with intent to distribute cocaine, conspiracy to commit Hobbs Act robbery, conspiracy to carry or possess a firearm in furtherance of a drug trafficking crime and a crime of violence, conspiracy to use a firearm in furtherance of a drug trafficking crime or a crime of violence, felon in possession of a firearm (2 counts), and possession with intent to distribute cocaine base. *Id.*

On April 4, 2013, Defendant entered into a written plea agreement to plead guilty to Count Two of the indictment, conspiracy to commit Hobbs Act Robbery. ECF No. 91. Defendant appeared before the court the same day and entered his plea of guilty. ECF No. 93.

A Pre-Sentence Report (PSR) concluded Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and therefore was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 144. Among Defendant's predicate offenses were strong arm robbery, conspiracy to distribute cocaine, burglary, assault on a corrections officer, and second degree burglary (2 counts). *Id.*

The PSR determined that Defendant's adjusted offense subtotal, for purposes of calculating sentencing guidelines, was 32 after appropriate offense enhancements, not including the career offender enhancement. *Id.* The PSR then considered the career offender enhancement; however, the resulting offense level was also 32: the same as the offense level without taking into consideration Defendant's career offender status. *Id.* Therefore, Defendant's guideline range was the same regardless of whether the career offender guideline was applied or not. Similarly, the PSR found Defendant's criminal history score was 28, resulting in a criminal history category of VI, the same as under the career offender guideline. After three levels for acceptance of responsibility, Defendant's total offense level of 29 and criminal history score of VI resulted in a guideline range of 151-188 months. *Id.*

Defendant filed an objection to the PSR, arguing the strong arm robbery conviction should not count as an adult conviction, because it occurred when he was 16 years old. ECF No. 144-1. However, the probation officer explained this conviction was properly counted for criminal history

points and as a predicate for career offender status. Defendant withdrew his objection at sentencing.

On July 9, 2013, Defendant appeared for sentencing. ECF No. 147. The Government filed a motion seeking an upward departure to adequately account for Defendant's criminal history (ECF No. 145) which Defendant opposed, and Defendant orally requested a downward variance. The court denied both requests and sentenced Defendant to a guideline sentence of 188 months incarceration, followed by three years supervised release. Defendant filed a notice of appeal to the Fourth Circuit on July 11, 2013. ECF No. 158. On April 4, 2014, the Fourth Circuit affirmed the decision of the District Court. ECF No. 195.

Defendant now argues he should be resentenced without career offender status under *Johnson*. ECF No. 232. The Government opposes his motion, arguing Defendant's guideline range would be the same without application of the career offender guideline. ECF No. 240. In other words, Defendant's guideline range was 151-188 months with or without career offender status, and Defendant's sentence of 188 months is within that range. *Id.*

## II. Impact of Recent Supreme Court Decisions

On June 26, 2015, the Supreme Court held that the residual clause of Armed Career Criminal Act violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. at 2557. The decision in *Johnson* means the residual clause cannot support a defendant's classification as an armed career criminal, and that predicate offenses must qualify under the force clause or the enumerated clause in order to be considered valid predicates for armed career criminal status. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). In that case, the Court

held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

However, on March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles v. United States*, 580 U.S. \_\_, 137 S.Ct. 886, 890 (2017). Therefore, the former residual clause in §4B1.2(a)(2) of the sentencing guidelines[1] is not void for vagueness. *Id.* at 892.

### III. Discussion

As a result of *Beckles*, the former residual clause of the career offender guideline is not void for vagueness. However, even if Defendant were able to challenge his career offender status, his guideline range and therefore sentence would be the same. The PSR calculated Defendant's Conspiracy to Commit Hobbs Act Robbery offense level as follows: base offense level of 20; plus five because a firearm was brandished or possessed; plus one because a firearm or controlled substance was taken (or was the object of the offense); plus two because Defendant was an organizer, leader, manager, or supervisor; and plus four because Defendant used body armor. ECF No. 149 at 34-35. Defendant therefore had an adjusted offense subtotal of 32, and received a three level reduction for acceptance of responsibility, rendering a total offense level of 29. *Id.* at 35. The career offender enhancement also provided a subtotal of 32, reduced by three for a total

---

[1] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause. However, the previous version was in effect during Defendant's case.

4

offense level of 29. *Id.* at ¶ 121. Therefore, the application of the career guideline made no difference in Defendant's final guideline calculation.

In addition, Defendant's § 2255 motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). To meet timeliness under § 2255(f)(3), Defendant relied on *Johnson*, which invalidated the residual clause of the Armed Career Criminal Act as void for vagueness. That right was newly recognized by the Supreme Court and declared retroactively available to cases on collateral review by *Welch*. Defendant argued that the former residual clause of the career offender guideline was also void for vagueness, and therefore he was eligible to file his motion within one year of the *Johnson* decision and be deemed timely under § 2255(f)(3). However, as noted above, the *Beckles* court decided the career offender guideline was not void for vagueness; therefore, Defendant cannot show a right newly recognized by the Supreme Court and made retroactive for cases on collateral review. Accordingly, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).[2]

---

[2] Defendant does not meet the requirements of § 2255(f)(1) as his conviction was final in 2014.

5

### IV. Conclusion

Defendant's § 2255 motion (ECF No. 232) is untimely and fails on the merits. The Government's motion for summary judgment (ECF No. 241) is granted.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 27, 2018